UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:14-CR-048 |
| | ) | |
| LATARI MONIQUE JACKSON | ) | |

**MEMORANDUM AND ORDER**

The defendant pled guilty to conspiring to distribute cocaine base. She will be sentenced on November 6, 2014. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 52], to which the defendant has filed five objections. The fourth and fifth of those objections are typographical in nature and have been resolved in the defendant's favor by the probation office. For the reasons that follow, the remaining objections will be overruled.

I.

*Objections 1 and 2*

The defendant's first and second objections are as follows:

1. Paragraph 16: The Defendant was not present for the search of the safe near the children's bed; however, she maintains that she had no knowledge that firearms were located in said safe.

2. Paragraphs 34 and 35: The Defendant objects on the grounds that she believes that these offenses are one single instance of offense.

The above-referenced firearm does not result in an adjustment to the defendant's offense level. Similarly, neither of the two above-referenced convictions

received criminal history points. The court does not intend to consider these matters at sentencing, nor does it appear that they will impact the defendant's Bureau of Prisons classification in any way. The first and second objections will therefore be overruled as moot. *See* Fed. R. Crim. P. 32(i)(3)(B) (district court need not rule on an objection that will not affect sentencing).

II.

*Objection 3: Career Offender*

The PSR classifies the defendant as a career offender, concluding that the instant offense of conviction is a controlled substance offense and that the defendant has at least two prior felony convictions for either crimes of violence or other controlled substance offenses. *See* U.S. Sentencing Guidelines Manual § 4B1.1(a) (2013). The defendant does not argue that her instant offense of conviction is not a controlled substance offense (which it is) or that she has one career offender predicate felony conviction for a prior controlled substance offense (which she does, *see* doc. 52, ¶ 37).

Instead, by her third objection, the defendant contends that her prior conviction for felony evading arrest (doc. 52, ¶ 39) does not qualify as a crime of violence. On January 7, 2005, the defendant was convicted (following a guilty plea) in the Criminal Court of Washington County, Tennessee, of <u>Class E</u> felony evading arrest, in violation of Tennessee Code section 39-16-603(b)(1). That statute provides, "It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from the officer to bring the vehicle to a stop."

2

Tenn. Code Ann. § 39-16-603(b)(1). That crime "is a Class E felony unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation . . . is a Class D felony." *Id.* § 39-16-603(b)(3).

The Sixth Circuit Court of Appeals has held that Class E felony evading arrest under Tennessee Code section 39-16-603(b)(1) is a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *See United States v. Doyle*, 678 F.3d 429, 436-37 (6th Cir. 2012) (citing and reaffirming *United States v. Rogers*, 594 F.3d 517 (6th Cir. 2010)); *accord United States v. Barnes*, 535 F. App'x 491, 492-93 (6th Cir. 2013); *United States v. Frison*, 487 F. App'x 953, 953-54 (6th Cir. 2012); *United States v. Davis*, 483 F. App'x 998, 999-1000 (6th Cir. 2012).

The guidelines' "definition of a predicate 'crime of violence' closely tracks ACCA's definition of 'violent felony.'" *See James v. United States*, 550 U.S. 192, 206 (2007). "[T]he determination of whether a conviction is a 'violent felony' under the ACCA is analyzed in the same way as whether a conviction is a 'crime of violence'" under the career offender guidelines. *United States v. Meeks*, 664 F.3d 1067, 1070 n.1 (6th Cir. 2012). As such, under the binding authority of *Doyle*, the present defendant's Tennessee Class E felony evading arrest conviction is a "crime of violence" under guideline 4B1.1. *See United States v. Melton*, 478 F. App'x 321, 322 (6th Cir. 2012).

The defendant acknowledges *Doyle* but argues that the case was "wrongly considered" by the Sixth Circuit. The defendant urges the court to instead follow the reasoning of *Doyle*'s dissenting opinion. That is, of course, something that this court cannot do. *See id.* at 322 ("Melton's argument that his prior conviction for [Tennessee

3

Class E] evading arrest is not a crime of violence under the Guidelines is foreclosed by our decision in *United States v. Doyle* . . . ."); *Frison*, 487 F. App'x at 954 ("Because *Doyle* is a prior published decision of this Court that squarely and directly rejects Frison's sole argument on appeal, we are bound to apply it here.").

Lastly, the court notes the defendant's *factual* objection that she was not the person driving the vehicle involved in the evasion of arrest. That argument matters not. The relevant issue is <u>the prior statute of conviction</u> – not the particular facts underlying that conviction. *See Descamps v. United States*, 133 S. Ct. 2276, 2283-84 (2013) (citing and quoting *Taylor v. United States*, 495 U.S. 575 (1990)).

### III.

### *Conclusion*

For the reasons provided herein, the defendant's third objection to her PSR is **OVERRULED**, and her first and second objections are **OVERRULED AS MOOT**. Sentencing remains set for November 6, 2014, at 1:15 p.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge